UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ X
BOARD OF TRUSTEES OF THE UNITED UNION OF
ROOFERS, WATERPROOFERS & ALLIED WORKERS
LOCAL UNION NO. 8 W.B.P. & A. FUNDS,

       Plaintiffs,

 -against-

STARCROSS CONTRACTING, INC.,

       Defendant.
------------------------------------------------------------------------ X

**REPORT AND RECOMMENDATION**

04-CV-3085 (NGG) (KAM)

**KIYO A. MATSUMOTO, United States Magistrate Judge:**

    By order entered on September 23, 2004, United States District Judge Nicholas G. Garaufis referred this matter, pursuant to 28 U.S.C. § 636(b), to the undersigned magistrate judge for an inquest on damages, following an application by plaintiffs for the entry of a default judgment against defendant for alleged violations of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. §§ 185 *et seq*., and a notation of default by the Clerk of the Court entered on September 17, 2004. Plaintiffs' default judgment motion seeks to recover from defendant $19,069.72 in unpaid fringe benefit contributions, $3,653.43 in interest on these unpaid contributions, $3,653.43 in liquidated damages, $1,800.00 in attorney's fees and $240.00 in costs, for a total award of $28,416.58. See Docket No. 9, Affirmation of Dana L. Henke, Esq. ("Henke Aff."), Ex. C, Revised Statement of Damages. Defendant has not made any submissions in opposition to plaintiffs' motion, despite receiving notice and an opportunity to do so. See Docket No. 10, Certificate of Service.

For the reasons set forth below, it is respectfully recommended that plaintiffs be awarded $19,069.72 in unpaid contributions, $3,653.43 in interest on these unpaid contributions, $3,653.43 in liquidated damages, $1,800.00 in attorney's fees and $240.00 in costs, for a total award of $28,416.58.

## I. BACKGROUND

Plaintiffs are the Board of Trustees ("Trustees") of the United Union of Roofers, Waterproofers & Allied Workers Local Union No. 8 W.B.P. & A. Funds (the "Fund"), and brought this action to recover unpaid fringe benefit contributions pursuant to §§ 502 and 515 of ERISA, as amended, 29 U.S.C. §§ 1132 and 1145. The Fund is a multi-employer employee benefit plan within the meaning of ERISA. Compl. ¶ 5. The Fund's principal office is located at 467 Dean Street, Brooklyn, NY. Id. ¶ 7.

Defendant Starcross Contracting, Inc. is a New York corporation with its principal place of business at 845 Meeker Avenue, Brooklyn, NY. Id. ¶ 11. At all times relevant to this action, defendant was an "employer" within the meaning of ERISA, and was a signatory to the July 1, 1999 to June 30, 2002 collective bargaining agreement between the Roofing and Waterproofing Contractors Association of New York City and Vicinity and the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 8, and its successor agreements. Id. ¶¶ 12-13; see also, Henke Aff., Ex. A, Collective Bargaining Agreement ("CBA"). Under the CBA, signatory employers such as the defendant are required to submit weekly payroll reports setting forth the hours that each of its employees worked and the amount of the monetary contributions due pursuant to the rate schedules set forth in the CBA, and to remit such

contributions to the Trustees in accordance with the CBA.  See Compl. ¶ 13; CBA, Art. VII § 1(E).

Pursuant to the CBA, to which defendant was bound, if an employer fails to pay contributions when due, the employer is liable for the unpaid contributions, interest on the unpaid contributions, and all reasonable fees and costs.  See Compl. ¶ 18; CBA, Art. VII § 4.  According to the Complaint and plaintiffs' submissions in support of their request for default judgment, defendant has failed to make contributions to the Fund in the amount of $19,069.72 for the period August 1, 2003 through November 30, 2003.  See Compl. ¶ 15; Henke Aff. ¶ 5.  Moreover, the Trustees demanded that defendant remit the unpaid contributions to the Fund, and defendant failed and refused to do so.  See Compl. ¶ 15.

As a result of defendant's failure and refusal to remit the amount due to the Fund, the above-captioned action was commenced in an effort to recover unpaid fringe benefit contributions, interest on the unpaid contributions, liquidated damages,[1] attorney's fees and costs.  On August 3, 2004, plaintiffs' process server personally served two copies of the Summons and Complaint on the Secretary of State of the State of New York pursuant to New York's Business Corporation Law § 307(b), and paid the requisite fee.  See Docket No. 4, Affidavit of Service, Service Upon Corporation Through Secretary of State.  Defendant, however, has failed to file an answer, to otherwise respond to plaintiffs' Complaint or to appear and defend this action.

By Order dated September 23, 2004, plaintiffs were directed to file and serve documentation in support of their damages calculations on or before October 7, 2004, and

---

[1] Although the CBA does not contain a liquidated damages provision, such relief is expressly authorized by ERISA, as discussed below.

defendant was directed to file and serve any objections to plaintiffs' submissions on or before October 21, 2004. Having received no opposition from defendant, this Court has reviewed only the plaintiffs' submissions.

## II. DISCUSSION

### A. Basis for and Proof of Damages

Defendant's default amounts to an admission of liability. See Bambu Sales, Inc. v. Ozak Trading Inc., 58 F.2d 849, 854 (2d Cir. 1995). Thus, while all of the well-pleaded allegations in plaintiffs' Complaint pertaining to liability are deemed true, before the entry of a final default judgment, plaintiffs must still prove damages. The amount of damages may be ascertained through an evidentiary hearing at which the defendant has an opportunity to contest the claimed damages. See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992). The Second Circuit, however, has held that "it was not necessary for the District Court to hold a[n evidentiary] hearing, as long as it ensured that there was a basis for the damages specified in a default judgment." Fustok v. ContiCommodity Servs., Inc., 873 F.2d 38, 40 (2d Cir. 1989).

Accordingly, because plaintiffs in the instant case have filed a reasonably detailed affidavit with accompanying documentary evidence pertaining to the damages incurred, and because defendant has failed to appear or otherwise defend this action or oppose plaintiffs' motion, the Court is able to make an informed recommendation regarding plaintiffs' claimed damages without an evidentiary hearing.

B.   **Available Relief Under ERISA**

Plaintiffs allege that defendant's failure to pay the required fringe benefit contributions is in violation of Section 515 of ERISA, 29 U.S.C. § 1145, and thereby gives rise to an action pursuant to Section 502(a)(3), 29 U.S.C. § 1132(a)(3). Section 515 of ERISA, 28 U.S.C. § 1145 provides that:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of the collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement.

In turn, Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2) requires that:

> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>
>> (A) the unpaid contributions,
>> (B) interest on the unpaid contributions,
>> (C) an amount equal to the greater of—
>>> (i) interest on the unpaid contributions, or
>>> (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
>> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Defendant is liable for damages awardable pursuant to 29 U.S.C. § 1132(g)(2) because it violated the terms of its agreement under the CBA by failing and refusing to submit weekly payroll reports and pay required contributions to plaintiffs for the period from August 1, 2003 through November 30, 2003. See Compl. ¶ 15; Henke Aff. ¶ 5. Accordingly, each of the

remedial provisions under § 1132(g)(2) will be considered in turn.

1.   <u>Unpaid Contributions</u>

Under § 1132(g)(2)(A), a plaintiff is entitled to an award representing the amount of unpaid contributions. In support of their request for unpaid contributions, plaintiffs have submitted employer remittance reports for defendant for the period August 1, 2003 through November 30, 2003, indicating that unpaid contributions total $19,069.72. <u>See</u> Henke Aff., Ex. B. Plaintiffs have also submitted a copy of the CBA which was the basis for defendant's obligations to pay these contributions. <u>See</u> Henke Aff, Ex. A. Based on this evidence, the Court finds that there is sufficient support for plaintiffs' request and respectfully recommends plaintiffs be awarded $19,069.72 in unpaid contributions.

2.   <u>Interest</u>

In addition to the principal amount, ERISA mandates that interest on the unpaid contributions be awarded "by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of Title 26." <u>See</u> 29 U.S.C. § 1132(g)(2)(B). Here, plaintiffs have applied an interest rate of 2% per month (24% per year), as set forth in Article VII § 4 of the CBA.

Plaintiffs' submissions sufficiently demonstrate that $3,653.43 is the amount of interest due on the principal amount of $19,069.72 through July 2004, as requested in plaintiffs' default judgment motion. <u>See</u> Henke Aff. ¶ 6, Ex. C. Accordingly, it is respectfully recommended that plaintiffs be awarded interest in the amount of $3,653.43. <u>See</u> <u>Parise v.</u>

Riccelli Haulers, Inc., 672 F. Supp. 72, 75-76 (N.D.N.Y. 1987) (applying 24% per year interest rate to an award of unpaid contributions under ERISA).

3.  Liquidated Damages or Double Interest

Plaintiffs seek $3,653.43 in liquidated damages, which represents an amount equal to the interest on the unpaid contributions. See Henke Aff. ¶ 7. As noted above, 29 U.S.C. § 1132(g)(2)(C) provides two means by which to calculate an award of liquidated damages. The Court must award an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages provided for under the plan in an amount not to exceed 20 percent . . . of [the court's damages award for unpaid contributions]." As a result, Section 1132(g)(2)(C)(ii) only applies where the plan contains a specific liquidated damages clause. In all other cases, Section 1132(g)(2)(C)(i) applies.

Here, the CBA is silent on the issue of liquidated damages, and thus, liquidated damages will be assessed at the amount equal to the amount of interest on the unpaid contributions, $3,653.43.[2] Accordingly, it is respectfully recommended that plaintiffs be awarded $3,653.43 in liquidated damages.

---

[2] This award of interest is additional to the award of interest under § 1132(g)(2)(B). Thus, if the interest to be awarded is greater than the liquidated damages provided for under a CBA, or where a CBA is silent as to liquidated damages, "the result of these separate provisions is an award of double interest on the unpaid contributions." Trustees of Local 813 I.B.T. Ins. Trust Fund v. Long Island Rubbish Removal Eastern Corp., No. 04 Civ. 370, 2005 WL 1118137, at *3 n.2 (E.D.N.Y. Apr. 14, 2005).

4.      Attorney's Fees and Costs

Section 1132(g) mandates an award of reasonable attorney's fees and costs in ERISA matters brought by fiduciaries to enforce the terms of a collectively bargained agreement. Here, plaintiffs' motion requests $1,800.00 in attorney's fees. See Henke Aff. ¶ 9-12. In the Second Circuit, a party seeking an attorney's fees award must support such a request with contemporaneous time records that show, "for each attorney, the date, the hours expended, and the nature of the work done." See New York State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1154 (2d Cir. 1983). Furthermore, that party has "the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Trustees of the Elevator Division Ret. Benefit Plan v. Premier Elevator Co., No. 03 Civ. 2703, 2003 WL 22127912, at *2 (S.D.N.Y. Sept. 16, 2003) (quoting General Elec. Co. v. Compagnie Euralair, S.A., 96 Civ. 0884, 1997 WL 397627, at *4 (S.D.N.Y. July 3, 1997)). The amount of attorney's fees to be awarded is determined by a lodestar analysis, multiplying a reasonable hourly rate by the number of hours reasonably expended. See Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Mason Tenders District Council v. Envirowaste and Transcontractors, Inc., No. 90 Civ. 4040, 1999 WL 370667, at *2 (S.D.N.Y. June 7, 1999).

In support of their application for attorney's fees, plaintiffs have submitted the affidavit of their attorney, Dana L. Henke, Esq., setting forth a brief description of the legal services performed and the amount of time spent performing each service. See Henke Aff. ¶ 9. Although plaintiffs' attorney's submission fails to specify the "date" as contemplated by the

Carey court,[3] this Court nevertheless finds that the amount of time spent on the described legal services (nine hours), and the hourly rate charged ($200.00 per hour), are reasonable.  See Martas v. Zaro's Bake Shop, Inc., No. 98 Civ. 5895, 2002 WL 1267999, at *6 (E.D.N.Y. Mar. 29, 2002) (awarding $200 per hour for associates; $250 per hour for partners).

In addition, plaintiffs seek an award of costs in the amount of $240.00, inclusive of a $150.00 court filing fee and a $90.00 process server fee.  As mentioned above, ERISA mandates the recoupment of costs.  See 29 U.S.C. § 1132(g)(2)(D).  Because plaintiffs have provided adequate support for their request for costs (see Henke Aff. ¶ 11), and because these expenses appear to be reasonable, it is respectfully recommended that plaintiffs be awarded costs in the amount of $240.00.

---

[3]The date as it appears in plaintiffs' counsel's affidavit merely indicates the month and year and not the specific day on which counsel's services were performed.

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that plaintiffs be awarded $19,069.72 in unpaid contributions, $3,653.43 in interest on these unpaid contributions, $3,653.43 in liquidated damages, $1,800.00 in attorney's fees and $240.00 in costs, for a total award of $28,416.58.

Any objections to this Report and Recommendation must be filed with District Judge Nicholas G. Garaufis within ten days of the date of entry of this Report and Recommendation. Failure to object within ten days of the date of entry will preclude appellate review by the District Court. See Local Civil Rule 6.3; Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); see also Fed. R. Civ. P. 72(a) ("Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."). Any requests for extensions of time to file objections should be made to Judge Garaufis.

The Clerk of the Court is directed to send copies of this Report and Recommendation to the parties either electronically through the Electronic Case Filing system or by mail.

**SO ORDERED.**

/s/
KIYO A. MATSUMOTO
United States Magistrate Judge

Dated: August 15, 2005
       Brooklyn, New York